# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRUCE PASKVAN,

    Plaintiff/Counterdefendant,

v.

MARTY KLIER, *et al.*,

    Defendants/Counterclaimants.

MARTY KLIER, *et al.*,

    Third Party Plaintiffs,

v.

ESTATE OF MARY PASKVAN,

    Third Party Defendant.

Case No. 2:08-CV-01144-KJD-LRL

**<u>ORDER</u>**

    Presently before the Court is Defendants' Motion for Summary Judgment (#63).  Plaintiff filed a response in opposition (#71-82) to which Defendants replied (#84).  Also before the Court is Plaintiff's Motion to Dismiss Defendants' Claims Against the Estate of Mary Paskvan and Motion for Summary Judgment on Defendants' Counterclaim for Constructive Trust (#65).  Defendants filed a response in opposition (#67) to which Plaintiff replied (#83).

I.  Facts

On or about November 29, 1990, Helen and Marshall Klier ("the Trustors") created a family trust ("the Trust").  Pursuant to the terms of the trust, Marshall Klier, Jr., Thomas Klier and Mary Paskvan, the children of Helen and Marshall, were contingent beneficiaries.  If no withdrawals had been made from the family trust between 1998 and 2005, the Trust would have contained almost $900,000.00.  At the time of the Trustors' death, there were virtually no assets left to distribute.

Eventually, Mary confessed to her brothers that she had improperly removed almost all of the Trust assets.  She eventually signed an affidavit, on December 2, 2005, stating her role in removing the Trust assets and agreeing to pay her brothers $300,000.00 each.  She began making payments to her brothers and before her death had paid them approximately $72,000.00 from the assets of her marital estate.

Her husband, Plaintiff Bruce Paskvan ("Plaintiff/Counterdefendant/Paskvan"), was never informed by Mary or her brothers that Mary had taken the assets of the trust and had consequently agreed to repay the brothers.  Furthermore, Paskvan was unaware that Mary was taking marital assets, including refinancing their home in July 2006, in order to make payments.  In October 2006, Mary attempted to refinance the home again.  When Paskvan attempted to confront Mary about the refinance, she disappeared and he never saw her again.  On or about October 16, 2006, Mary committed suicide at a rest stop in Sevier County, Utah.

Mary wrote several suicide notes before her death.  In the notes, she blames herself for her decision to loot her parents' trust.  The letters reference Mary's efforts to "keep everything going" by going deep into debt.  Mary's death left Paskvan as the beneficiary of two life insurance policies that paid out approximately $1,050,000.00 total.

Plaintiff filed a complaint for fraud against Defendants in state court on February 29, 2008.  After the complaint was amended and after the state court denied Defendants' motion to quash, Defendants removed the action to this Court on August 27, 2008.  On December 11, 2008,

2

1  Defendants filed an answer and counterclaim asserting claims against Plaintiff for unjust enrichment

2  and constructive trust.

3        On May 14, 2009, Defendants filed a third-party complaint against the Estate of Mary

4  Paskvan for contribution and indemnification.  The same day, Defendants filed a separate action

5  against the Estate of Mary Paskvan asserting claims related to breach of contract, conversion, unjust

6  enrichment, and constructive trust amongst others.  That separate action was docketed in the District

7  of Nevada as No. 2:09-cv-00865-RLH-GWF.  Klier v. Estate of Mary Paskvan.  On September 1,

8  2009, the Honorable Roger Hunt dismissed the separate action finding that plaintiffs had not

9  followed the proper procedure for re-opening a probate case after it had been closed.  Further, the

10  court held that Nye County District Court had exclusive jurisdiction over the probate proceedings,

11  and only Nye County District Court could re-open probate.

12  II.  Standard for Summary Judgment

13        Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,

14  and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

15  material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ.

16  P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the

17  initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

18  323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a

19  genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

20  587 (1986); Fed. R. Civ. P. 56(e).

21        All justifiable inferences must be viewed in the light must favorable to the nonmoving party.

22  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere

23  allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

24  or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.

25  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual

26  issues of controversy in favor of the non-moving party where the facts specifically averred by that

1   party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497

2   U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345

3   (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine

4   issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere

5   speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th

6   Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine

7   issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d

8   1054, 1061 (9th Cir. 2002).

9        Summary judgment shall be entered "against a party who fails to make a showing sufficient

10  to establish the existence of an element essential to that party's case, and on which that party will

11  bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

12  if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

13  III.  Plaintiff's Complaint

14       On February 29, 2008, Plaintiff filed his complaint against Defendants, Marty and Tom Klier,

15  asserting causes of action for fraud and intentional infliction of emotional distress.  Plaintiff has

16  voluntarily withdrawn his claim for intentional infliction of emotional distress.  In response to

17  Defendants' motion for summary judgment on the fraud claims, Plaintiff asserts that his claim is

18  grounded in "negative misrepresentations, omissions, or fraudulent concealment." Nev. Power Co.

19  v. Monsanto, 891 F. Supp. 1406, 1415 (D. Nev. 1995); Blanchard v. Blanchard, 108 Nev. 908, 911

20  (1992).

21       To assert a claim for fraudulent concealment under Nevada law, Plaintiff must demonstrate:

22            (1) Defendants concealed or suppressed a material fact;

23            (2) Defendants were under a duty to disclose the fact to Plaintiff;

24            (3) Defendants intentionally concealed or suppressed the fact with the
             intent to defraud Plaintiff, i.e., for the purpose of inducing Plaintiff to act

25            differently than he would if he knew the fact;

26

4

> (4) Plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact;
>
> (5) Plaintiff sustained damages as a result of the suppressed or concealed fact.

Monsanto, 891 F. Supp. at 1415.  Where the defendant alone has knowledge of material facts which are not accessible to the plaintiff, there is a duty to disclose.  Epperson v. Roloff, 719 P.2d 799, 804 (Nev. 1986).  In this action, Plaintiff's claim for fraudulent concealment fails, because Defendants were not under a duty to disclose to Plaintiff Bruce Paskvan that his wife, Mary, was using their marital assets to make payments to them.  Certainly Mary was under a duty to disclose those facts to Plaintiff, but the Defendants did not have a fiduciary or confidential relationship with Plaintiff.  Furthermore, the parties were not dealing with each other.  Finally, Defendants did not 'alone' have knowledge of the facts, because Mary was aware of where she was drawing the funds from.  Defendants dealt directly with Mary.  Though a finder of fact could conclude that Defendants concealed from Plaintiff that Mary was using marital assets, a fact finder could not conclude that Defendants had a duty to disclose that information to her husband, Plaintiff.  Accordingly, the Court grants summary judgment to Defendants on Plaintiff's claims for fraudulent concealment and intentional infliction of emotional distress.

IV.  Defendants' Counterclaims

A.  Unjust Enrichment

Additionally, both parties have moved for summary judgment on Counterclaimants' counterclaims against Bruce Paskvan for unjust enrichment and constructive trust.  In Nevada, the essential elements of a quasi contract require a benefit conferred on the defendant by plaintiff, appreciation of the benefit by defendant, and acceptance and retention of the benefit by the defendant in circumstances in which it would be inequitable to retain the benefit without payment.  See Leasepartners Corp., Inc. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997).  Counterclaimants assert that Paskvan was unjustly enriched when Mary deposited money from the Trust into his business accounts and joint marital accounts.

In this action, Counterclaimants' cause of action for unjust enrichment fails for several reasons.  First, while they have raised a question of fact about what happened to the money that Mary took from the Trust, they have not adduced any evidence that at the time the money was put into the business and marital accounts that Paskvan  personally received the benefit of that money and it was appreciated by him.

Second, even if the elements of unjust enrichment were met, Paskvan's acceptance and retention of the benefit happened under fraudulent circumstances.  Actions for fraud must be filed within three years of the discovery of the fraud.  See NRS § 11.190(3)(d).  In this action, Counterclaimants knew of the fraud no later than, October 31, 2005 and did not file their counterclaim until December 11, 2008.  Therefore, the claim is time barred.

Finally, even if it was not time barred, the Court finds that *laches* bars the claim for unjust enrichment.  *Laches*, an equitable doctrine, may be invoked when delay by one party prejudices the other party such that granting relief to the delaying party would be inequitable.  See Besnilian v. Wilkinson, 25 P.3d 187, 189 (Nev. 2001).  Counterclaimants made a strategic decision to approach Mary and secure a commitment from her to repay the amounts that she took from the Trust. Counterclaimants could have instituted litigation to obtain a binding judgment, or could have tried to trace the source of the funds immediately to determine what portion of them might be due from other sources such as Paskvan.  Instead, Counterclaimants made the calculated decision to deal directly with Mary and exclude Paskvan from the process.  The decision to delay a determination of where the funds from the Trust had gone prejudiced Paskvan in at least one very significant way.  Mary's death, resulting directly, from her continued fraud resulted in the loss of the most significant source of information regarding the Trust's money.  This loss of evidence severely prejudices Paskvan's ability to defend a claim for unjust enrichment.  The Court having found that Counterclaimants have not raised issues of fact on all the elements of unjust enrichment, that the claim is time barred and that *laches* bars the equitable claim, denies Counterclaimants' motion for summary judgment on this claim and grants Counterdefendant's motion for summary judgment.

1     B.  Constructive Trust

2          Counterclaimants' claim for a constructive trust must also be dismissed.  A constructive trust

3     will be imposed where "(1) a confidential relationship exists between the parties; (2) retention of

4     legal title by the holder thereof against another would be inequitable; and (3) the existence of such a

5     trust is essential to the effectuation of justice."  See Waldman v. Maini, 195 P.3d 850, 857 (Nev.

6     2008).  Here, no confidential relationship exists between the parties.  Further to the extent that

7     Counterclaimants argue that no confidential relationship is necessary where the constructive trust

8     redresses unjust enrichment, the claim for constructive trust must be dismissed along with

9     Counterclaimants' action for unjust enrichment.

10    V.  Defendants' Third-Party Complaint

11         Even assuming that the third-party complaint, asserting claims against the Estate of Mary

12    Paskvan, fit into the probate exception, those claims for contribution and indemnity must be

13    dismissed as moot, since the Court has dismissed Plaintiff's claims against Defendants.

14    VI.  Conclusion

15         Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment

16    (#63) is **GRANTED in part and DENIED in part** as follows;

17         The Court **GRANTS** Defendants' Motion for Summary Judgment on Plaintiff's

18         claims for fraud, conspiracy to commit fraud and intentional infliction of emotional

19         distress;

20         The Counterclaimants' motion for summary judgment granting Counterclaimants'

21         counterclaims is **DENIED**;

22         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendants' Claims

23    Against the Estate of Mary Paskvan and Motion for Summary Judgment on Defendant's

24    Counterclaim for Constructive Trust (#65) is **GRANTED** as follows;

25         The Court **GRANTS** Third Party Defendant Estate of Mary Paskvan's motion to

26         dismiss the Third Party Complaint against the Estate of Mary Paskvan;

1    The Court **GRANTS** Counterdefendant Bruce Paskvan's motion for summary

2    judgment on Counterclaimants' claims for unjust enrichment and constructive trust;

3    **IT IS FURTHER ORDERED** the Clerk of the Court shall enter **Judgment** for Defendants

4    Tom Klier and Marty Klier and against Plaintiff Bruce Paskvan;

5    **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter **Judgment** for

6    Counterdefendant Bruce Paskvan and against Counterclaimants Tom Klier and Marty Klier;

7    **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter **Judgment** for Third

8    Party Defendant Estate of Mary Paskvan and against Third Party Plaintiffs Tom Klier and Marty

9    Klier.

10    DATED this 24th day of March 2011.

11

12

13    _____

14    Kent J. Dawson
      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26